CLD-046                                                                            **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3098
_____

IN RE:  MICHAEL RINALDI,
                                                                      Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to M.D. Pa. Crim. No. 3-18-cr-00279-002)
District Judge:  Joseph F. Saporito, Jr.

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
November 29, 2018
Before:  CHAGARES, RESTREPO and SCIRICA, Circuit Judges

(Opinion filed:  December 20, 2018)

_____

OPINION[*]
_____

PER CURIAM

Michael Rinaldi is a federal prisoner proceeding pro se and in forma pauperis.  On

August 21, 2018, a grand jury sitting in the United States District Court for the Middle

District of Pennsylvania charged Rinaldi with conspiracy to distribute and possess with

intent to distribute a controlled substance, in violation of 21 U.S.C. § 846.  At the

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

arraignment, Rinaldi—who was represented by counsel—refused to sign the plea form and the Court entered a plea of not guilty on his behalf. The District Court docket report reflects that the case is still in its pre-trial stages.

On September 16, 2018, Rinaldi filed a petition for a writ of mandamus in this Court. In the petition, Rinaldi asserts that at his arraignment, he moved to dismiss the charge against him on the grounds that: (1) he is not the "Michael Rinaldi" named in the indictment; (2) the indictment fails to allege that the criminal activity had an effect on interstate commerce;[1] and (3) the agent who "brought the claim" lacks standing because he did not suffer any actual or threatened harm. According to Rinaldi, the Magistrate Judge refused to rule on the motion on the ground that it could not be brought at the arraignment. For these reasons, Rinaldi asks us to order the District Court to dismiss the indictment.

"Mandamus provides a drastic remedy that a court should grant only in extraordinary circumstances in response to an act amounting to a judicial usurpation of power." In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005) (internal quotation marks omitted). To demonstrate that mandamus is appropriate, a petitioner must demonstrate that "(1) no other adequate means exist to attain the relief he desires, (2) [his] right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 558 U.S. 183, 190 (2010)

---

[1] Rinaldi also filed a written pro se motion to dismiss the indictment on the ground that it failed to charge an effect on interstate commerce. The District Court struck the motion from the record because Rinaldi was represented by counsel.

(per curiam) (internal quotation marks and citation omitted). The first prerequisite "emanates from the final judgment rule: mandamus must not be used as a mere substitute for appeal." Gillette v. Prosper, 858 F.3d 833, 841 (3d Cir. 2017) (quoting In re Diet Drugs, 418 F.3d at 379) (internal quotation marks and citation omitted).

Rinaldi has not met his burden. First, we note that nothing in the record confirms Rinaldi's representation that he moved the Magistrate Judge to dismiss his indictment at his arraignment. For this reason alone, he has not demonstrated that his right to issuance of the writ "is clear and indisputable." However, even taking Rinaldi's allegations as true, he can, through counsel, re-file his motion at an appropriate time in the District Court, and can appeal any adverse ruling on that motion. Therefore, he has not demonstrated that "no other adequate means exist to attain the relief he desires."[2]

Accordingly, we will deny the petition.

---

[2] In his mandamus petition, Rinaldi also contends that, at the arraignment, the Magistrate Judge refused to accept a plea agreement he claims to have entered into with the government. Rinaldi asks us to compel the Magistrate Judge to "accept [his] guilty plea and determine [his] ability to pay the associated fine." (Pet. 2-3.) Because Rinaldi has not provided any evidence of this alleged agreement, and we see none in the record, we will not issue the writ on this basis.